# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ARTHUR LEE WALKER,**

    Petitioner,

v.                                        CIVIL ACTION NOS.:    3:14-CV-77
                                                                        3:14-CV-78
                                                                    CRIM. ACTION NOS.:  3:13-CR-11-1

**UNITED STATES OF AMERICA,**           **(GROH)**                   3:13-CR-23-2

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") [ECF No. 527] of United States Magistrate Judge Robert W. Trumble.[1]  Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R.  Magistrate Judge Trumble issued his R&R on February 25, 2016.  In the R&R, he recommends that the Petitioner's motion under 28 U.S.C. § 2255 [ECF No. 363] be denied and dismissed with prejudice.  The magistrate judge further recommends that the Petitioner's Motion to Compel [ECF No. 485] be denied as moot.  For the following reasons, this Court **ORDERS** that the magistrate judge's R&R is **ADOPTED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1] References to CM/ECF docket numbers herein refer to Criminal Action No. 3:13-CR-23-2.  The Petitioner filed certain identical documents in Criminal Action No. 3:13-CR-11-1.  The Clerk's Office has maintained Civil Action Nos. 3:14-CV-77 and 3:14-CV-78 for statistical purposes.

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a party's right to appeal a court's order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Here, the Petitioner has timely filed his objections [ECF No. 531],[2] which the Court received on March 14, 2016. Accordingly, this matter is now ripe for review.

The instant motion concerns the Petitioner's federal convictions in the above-styled criminal matters. The Petitioner was sentenced in this Court on January 13, 2014, after he entered guilty pleas in Criminal Action No. 3:13-CR-11-1 and Criminal Action No. 3:13-CR-23-2. Under his agreement with the Government, the Petitioner pleaded guilty to being a felon in possession of a firearm (Count 3 in Criminal Action No. 3:13-CR-11-1) and to aiding and abetting the distribution of cocaine base within 1,000 feet of a school (Count 42 in Criminal Action No. 3:13-CR-23-2). The Petitioner was sentenced to 120 months' incarceration on both counts, with the sentences ordered to run concurrently with each other. Those concurrent 120-month terms were ordered to run consecutively to a sentence imposed by the Franklin County Court in Chambersburg, Pennsylvania. The Petitioner did not file a direct appeal of his federal convictions and sentences.

On July 14, 2014, the Petitioner filed a motion to vacate and correct his sentence in both of his federal criminal cases. His 28 U.S.C. § 2255 motion raised the following

---

[2] Pursuant to the "prison mailbox rule," the date an inmate delivers a document to prison officials for forwarding to the clerk of court is considered to be the date of filing. Houston v. Lack, 487 U.S. 266, 276 (1988).

grounds for relief: (1) the Government violated his Fifth Amendment right to due process of law when it delayed for over twenty months before bringing an indictment in case number 3:13-CR-11-1, causing substantial prejudice to the Petitioner; (2) the Petitioner's Fourth Amendment rights were violated when law enforcement officers searched his residence, because the warrant that provided the legal basis for that search was improperly obtained and was not supported by probable cause; (3) the Petitioner's Sixth Amendment right to the effective representation of counsel was violated, primarily by his trial counsel's decision to advise the Petitioner to plead guilty; and (4) the Petitioner was sentenced to an unconstitutional statutorily mandated sentence. Appended to the Petitioner's § 2255 motion were multiple exhibits and other hand-written attachments that contained additional factual averments and legal argument.

The Government responded in opposition to the Petitioner's motion on July 31, 2014. At the outset of its response brief, the Government asserted that the Petitioner's plea agreement contained a valid waiver of his right to file a motion for post-conviction relief. The Government then argued that the Petitioner could not demonstrate that he suffered any actual prejudice from the delay in bringing the indictment against him in Criminal Action No. 3:13-CR-11-1. The Government further argued that the Petitioner should be precluded from asserting that officers tampered with evidence during the alleged delay, because the Petitioner pleaded guilty to being a felon in possession of a firearm, thereby foreclosing his ability to contest the factual basis for that plea. As to the Petitioner's Fourth Amendment claim, the Government argued that a warrant for the search of the Petitioner's residence was supported by probable cause. The Government asserted that the Petitioner's Sixth Amendment ineffective assistance of counsel claim must fail

because the Petitioner expressed his satisfaction with his counsel's representation prior to pleading guilty, and because the Petitioner's admission to possessing a firearm demonstrated the reasonableness of his counsel's advice to plead guilty. Finally, the Government contended that the Petitioner's argument concerning his statutorily mandated sentence should be rejected, in part because the Petitioner appeared to base his claim on Alleyne v. United States, — U.S. —, 133 S. Ct. 2151 (2013), which is inapplicable to the Petitioner's case.

The Petitioner filed an additional brief in which he contested each argument raised in the Government's response. The Petitioner argued that his waiver of his right to collaterally attack his sentence was not binding, because he had been coerced to agree to the waiver by his attorney, who told the Petitioner that "his only option was to take a plea." The Petitioner further argued that the waiver was invalid because the Government breached the terms of the plea agreement. In addition, the Petitioner disputed the Government's assertions regarding a pre-indictment delay, the alleged deficiencies of the warrant to search the Petitioner's residence, his claim of ineffective assistance of counsel, and his argument that his sentence was unconstitutional.

On February 25, 2016, Magistrate Judge Trumble issued his R&R, in which he recommends that the Petitioner's motion be denied and dismissed with prejudice. Specifically, the magistrate judge found that the Petitioner's claims are barred by his valid collateral attack waiver. Notwithstanding that finding (and an additional finding that several of the Petitioner's claims were procedurally defaulted because they were not raised on direct appeal), the magistrate judge then reviewed the Petitioner's claims on the merits. The magistrate judge reached the following conclusions: any pre-indictment delay did not

violate the Petitioner's due process rights; the warrant to search the Petitioner's residence was supported by probable cause; the Petitioner's ineffective assistance of counsel claim is without merit; and the Petitioner's sentence was not the product of any unconstitutional sentencing error.

On March 14, 2016, the Court received what the Petitioner styles as his objections to the R&R. That filing references the findings and recommendations of the magistrate judge only once, when the Petitioner states that he "objects to each and every ground raised by the U.S. Magistrate in the Report and Recommendation." The remainder of the Petitioner's filing summarizes the facts and legal arguments behind each of his grounds for relief, in a manner almost identical to the arguments presented in his § 2255 motion and his response to the Government's brief in opposition.

When a party files objections, "but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Furthermore, a district court is not obligated to conduct *de novo* review when an objecting party merely rehashes the same arguments that have already been rejected by a magistrate judge. See Felton v. Colvin, No. 2:12cv558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014) ("The Court may reject perfunctory or rehashed objections to R&R's that amount to 'a second opportunity to present the arguments already considered by the Magistrate-Judge.'") (quoting Gonzalez-Ramos v. Empresas Berrios, Inc., 360 F. Supp. 2d 373, 376 (D.P.R. 2005)); Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) ("[W]here objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a

5

rehashing of the same arguments set forth in the original petition,' reviewing courts should review a report and recommendation for clear error.") (quoting Vega v. Artuz, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)); see also Davis v. Duncil, 81 F.3d 149 (4th Cir. 1996) (per curiam) (unpublished table decision) (rejecting a petitioner's objections, which were "presented as a memorandum nearly identical to his § 2254 petition," because the petitioner's "rehash" did not "specify any objection to the magistrate judge's factual or legal recommendations")). Here, the Petitioner fails to direct the Court to any error in the magistrate judge's analysis, and he does not address any specific aspect of the magistrate judge's findings. Instead, he rehashes the arguments he raised in his original motion and in his response to the Government's brief. In his R&R, the magistrate judge thoroughly addressed each of the Petitioner's arguments and the Government's responses in opposition to those arguments. Indeed, the magistrate judge provided additional reasoning in the alternative, sufficient to justify denying and dismissing the Petitioner's motion for multiple independent reasons.

Accordingly, with no obligation to conduct *de novo* review and finding no clear error in the R&R, this Court could deny and dismiss the instant motion without further comment. Nevertheless, reaching the same result regardless of the standard applied, the Court has reviewed the record *de novo*. The Court concurs with the magistrate judge in finding that the Petitioner's claims are precluded by his valid, knowing and intelligent waiver of his right to collaterally attack his sentence. Furthermore, upon *de novo* review, the Court reaches the same conclusions as the magistrate judge on the merits of the Petitioner's claims.

As to any pre-indictment delay, the Government avers that a pre-indictment investigation was completed and delivered to the United States Attorney on February 12,

2013, approximately three months before the indictment was issued in Criminal Action No. 3:13-CR-11-1.  Assuming, arguendo, that the Petitioner could successfully establish that the Government intentionally delayed in bringing the indictment against him, he cannot demonstrate that any prejudice resulted from that delay.  See United States v. Automated Med. Labs., Inc., 770 F.2d 399, 403-04 (4th Cir. 1985).  A due process violation is not inferred simply because a defendant is prosecuted after a substantial investigative delay.  See United States v. Stinson, 594 F.2d 982, 984 (4th Cir. 1979) (citing United States v. Lovasco, 431 U.S. 783, 796 (1977)).  The few specific facts that the Petitioner alleges in support of his claim of an impermissible delay—which include alleged violations of the chain of custody for certain evidence—are insufficient to meet the "heavy burden" of demonstrating actual, substantial prejudice resulting from a pre-indictment delay.  See United States v. Shealey, 641 F.3d 627, 633-34 (4th Cir. 2011) (citing Jones v. Angelone, 94 F.3d 900, 907 (4th Cir. 1996)).  Turning to the Petitioner's other claims, the information available in the record (which includes a statement of probable cause that was apparently used in the application for the search warrant), when viewed under the totality of the circumstances, demonstrates that the warrant to search the Petitioner's residence was supported by probable cause.  See Illinois v. Gates, 462 U.S. 213, 225-39 (1983).  Additionally, the Petitioner's scattershot allegations of ineffective assistance of counsel, which overlap with some of his other claims, cannot serve to establish that his attorney's performance was deficient, and, regardless, the Petitioner cannot establish the prejudice necessary to succeed on an ineffective assistance of counsel claim.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).  Finally, the Petitioner's remaining attacks on the constitutionality of his sentence,

including any intended reliance on Alleyne, are plainly without merit.

Being in full agreement with the magistrate judge's analysis, and finding no error of any classification, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 4 in 3:14-CV-77; ECF No. 8 in 3:14-CV-78; ECF No. 158 in 3:13-CR-11-1; ECF No. 527 in 3:13-CR-23-2] is **ADOPTED** in its entirety. The Petitioner's Objections are **OVERRULED**. The Petitioner's Motion to Compel [ECF No. 485 in 3:13-CR-23-2] is **DENIED AS MOOT**. The Court **ORDERS** that the Petitioner's motion under 28 U.S.C. § 2255 [ECF No. 1 in 3:14-CV-77; ECF No. 1 in 3:14-CV-78; ECF No. 128 in 3:13-CR-11-1; ECF No. 363 in 3:13-CR-23-2] is **DENIED** and **DISMISSED WITH PREJUDICE**.

This matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th

Cir. 2015) (quoting Slack, 529 U.S. at 484).  Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and *pro se* parties in the above-styled civil and criminal matters.

**DATED**: April 15, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE